JS - 6    LINKS: 8, 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9800 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:** (In Chambers)

## ORDER RE: MOTION TO REMAND & MOTION TO DISMISS

### I.
### INTRODUCTION

     Plaintiff Kathy Azarbarzin brings this wrongful termination case following the end of her employment with Defendant Convatec, Inc. ("Convatec"). This action arises out of Convatec's alleged retaliatory conduct and discrimination in regards to Plaintiff. Plaintiff alleges that she was fired because she: (1) took workers' compensation leave, (2) questioned Convatec's unlawful marketing practices, and (3) is Middle Eastern. Plaintiff brings multiple California statutory and common law causes of action.

     Before the Court are two motions: Plaintiff's motion to remand and Convatec's motion to dismiss. Plaintiff moves to remand this action to Los Angeles County Superior Court on the basis that Convatec's removal is untimely. Convatec moves to dismiss Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress for failure to state cognizable claims. For the reasons that follow, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendant's motion to dismiss as **moot**.

### II.
### BACKGROUND

     Plaintiff is a former employee of Convatec, a developer and marketer of medical technologies, for whom she worked for nearly seventeen years. (Docket No. 1, [Not. of Removal ("Not.")], Ex. 1 [Compl.] ¶¶ 1-2.) Plaintiff alleges that her employment was

JS - 6     LINKS: 8, 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9800 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

terminated because she took time off of work due to a workers' compensation injury, because she voiced concerns regarding unethical and illegal activities Convatec engaged in to sell its products, and because Convatec discriminates against people of Middle Eastern descent. (Id. ¶¶ 3-5.)

Plaintiff filed this action originally in Los Angeles County Superior Court. Convatec first removed the action to this Court on September 21, 2012 on the basis of diversity jurisdiction. (Docket No. 18, [Declaration of Koray J. Bulut ("Bulut Decl.")], Ex. 2 [First Removal].) On October 17, 2012, the Court remanded this action sua sponte for failure to adequately allege subject matter jurisdiction. (Bulut Decl., Ex. 3 [10/17/12 Order].) Namely, Convatec alleged Plaintiff's state of residence, rather than her state of citizenship. (First Removal ¶ 4; 10/17/12 Order at 2.) Convatec subsequently got Plaintiff to stipulate to her state of citizenship and removed to this Court again. (Bulut Decl., Ex. 4 [Stipulation]; Not. ¶¶ 10-11.)

Plaintiff now moves to remand on the basis that Convatec's second petition for removal is untimely. (Docket No. 12, [Mot. to Remand ("Remand Mem.")].) The Court agrees that remand is proper, which moots Convatec's motion to dismiss.

**III.
DISCUSSION**

**A. MOTION TO REMAND**

In the Ninth Circuit, "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a **new** and **different** ground for removal." Kirkbride v. Continental Casualty Co., 933 F.2d 729, 732 (9th Cir. 1991) (quoting FDIC v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir. 1979)) (emphasis in original); see Lara v. San Bernardino Steel Inc., 2011 U.S. Dist. LEXIS 110046, at *5 (C.D. Cal. Sept. 20, 2011) ("[A] party cannot remove a case twice based on the same grounds.") "Indeed, a second attempt at removal is justified only when there has been a 'substantial change in the nature of the instant case since it was last in this court.'" GB Inland Props. v. Levay, 2012 U.S. Dist. LEXIS 80039, at *3 (C.D. Cal. June 7, 2012) (quoting One Sylvan Rd. N. Assocs. v. Lark Int'l, 889 F. Supp. 60, 64 (D. Conn. 1995).

Convatec originally removed this action on September 21, 2012 on the basis of diversity jurisdiction. (First Removal.) Convatec now removes a second time for the exact same reason. (Not.) This time Convatec alleges Plaintiff's state of citizenship, rather than her state of residency. (Not. ¶ 17.) Convatec argues that "successive petitions for removal are permissible

JS - 6  LINKS: 8, 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9800 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

where, as here, new facts establish a basis for removal." (Docket No. 17, [Opp. to Mot. to Remand ("Remand Opp.")] at 1.) Convatec argues that "[h]ere, the Complaint failed to include an allegation regarding citizenship, but rather mentioned Plaintiff's residency," and "the thirty-day period [to remove] does not begin to run until [t]he defendant receives 'a pleading, motion, order or other paper' from which removability can be ascertained." (Id. (quoting 28 U.S.C. § 1446(b)).) Therefore, as Convatec argues, the period of removability began as soon as it received Plaintiff's Stipulation that she was a California citizen.

The Court finds Convatec's argument unpersuasive. Convatec relies heavily upon the Ninth Circuit's opinion in Harris v. Bankers Life & Cas. Co., 425 F.3d 689 (9th Cir. 2005). That case, however, hardly supports what Convatec seeks to do here. Harris held that "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper.

Id. (citing 28 U.S.C. § 1446(b)). Harris does not stand for the proposition that a defendant can remove prematurely and on the basis of insufficient information and then remove yet a second time, on that same basis, within thirty days of receiving some other paper that provides the information that should have been collected before removal was ever attempted. This is plainly contrary to the policy that "removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts," which "guards against premature and protective removals and minimizes the potential for a cottage industry of removal litigation." Harris, 425 F.3d at 698. Harris noted that its ruling "ensure[d] respect for the jurisdiction of state courts" because it "assur[ed] that removal occurs once the jurisdictional facts supporting removal are evident." Id.

Convatec's removal is not based on **new** and **different** grounds, rather it "is offering additional evidence to prove what should have been proved in the first Notice of Removal - Plaintiff's citizenship." Ybarra v. Apt. Inv. & Mgmt. Co., 2012 U.S. Dist. LEXIS 105145, at *3 (C.D. Cal. July 27, 2012). Furthermore, the Court fails to see the difference between permitting a second removal petition on the same grounds as the first and permitting an appeal or

JS - 6    **LINKS: 8, 9**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9800 GAF (AJWx) | Date | January 7, 2013 |
|---|---|---|---|
| Title | Kathy Azarbarzin v. Convatec Inc et al | | |

reconsideration of a remand order.  The Ninth Circuit has clearly held that "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case. . . .  [A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."  Seedman v. United States Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988).  Regardless of when this action first became removable, Convatec already tried once on the identical grounds to remove.  If Convatec wanted to remove, it had a responsibility to do so properly, and not prematurely on the basis of insufficient information.  To permit a second removal here would frustrate the policy of preventing premature and protective removals and would effectively act as a reconsideration of the Court's prior remand order.

     Because Convatec offers no new grounds for jurisdiction, the Court lacks jurisdiction over this second removal.  Accordingly, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to the Los Angeles County Superior Court.

**B. MOTION TO DISMISS**

     Because the Court grants Plaintiff's motion to remand, the Court **DENIES** Convatec's motion to dismiss **as moot**.

**IV.
CONCLUSION**

     For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **REMANDS** this action to Los Angeles County Superior Court.  Convatec's motion to dismiss is **DENIED as moot**.  The hearing on these motions presently scheduled for January 14, 2013 is hereby **VACATED**.

     **IT IS SO ORDERED.**